Kevin D. Siegel (SBN 194787)
E-mail: ksiegel@bwslaw.com
Connor T. MacLean (SBN 345661)
E-mail: cmaclean@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1 California Street, Suite 3050
San Francisco, California 94111-5432
Tel: 415.655.8100   Fax: 415.655.8099

Christine Dietrick, City Attorney (SBN 206539)
E-mail: cdietric@slocity.org
Markie Kersten, Assistant City Attorney (SBN 317032)
E-mail: mkersten@slocity.org
CITY OF SAN LUIS OBISPO
City Hall, Room 14
990 Palm Street
San Luis Obispo, CA 93401
Tel: 805.781.7140   Fax: 805.781.7109

Attorneys for Defendant
CITY OF SAN LUIS OBISPO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOHN RUDA, SHAHRIAR ZARNEGAR, JORDAN KNAUER, and 3160 JOHNSON, LLC,<br><br>   Plaintiffs,<br><br>  v.<br><br>CITY OF SAN LUIS OBISPO,<br><br>   Defendant. | Case No. 2:26-cv-02283-CV-RAOx<br><br>**DEFENDANT CITY OF SAN LUIS OBISPO'S ANSWER TO COMPLAINT**<br><br>Action Filed: March 4, 2026<br>Crtrm.: 10B, 10th Floor<br>Judge: Hon. Cynthia Valenzuela |

Defendant City of San Luis Obispo ("Defendant" or "City") hereby answers Plaintiffs John Ruda, Shahriar Zarnegar, Jordan Knauer, and 3160 Johnson, LLC's ("Plaintiffs") Complaint ("Complaint") as follows:

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4929-6088-5924 v3

1

Case No. 2:26-cv-02283-CV-RAOx
DEFENDANT'S ANSWER TO COMPLAINT

## INTRODUCTION

1.    Answering each sentence of paragraph 1, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and on that basis, denies them.

2.    Answering the first sentence of paragraph 2, Defendant is without knowledge or information sufficient to form a belief as to the allegations stated therein, and on that basis, denies them.  Answering the allegations in the second sentence of paragraph 2, the allegations therein seek to characterize the contents of public records, which speak for themselves, and/or are legal contentions for which no response is required.  To the extent the foregoing does not answer any allegation of fact in the second sentence of paragraph 2, Defendant denies each and every allegation.  Answering the remainder of paragraph 2, Defendant denies each and every allegation.

3.    Answering the first clause of the first sentence of paragraph 3, Defendant admits that the State of California needs additional housing, including market-rate and affordable housing.  Answering the remainder of paragraph 3 (including the remainder of the first sentence), Defendant denies each and every allegation.

4.    Answering the first sentence of paragraph 4, the allegations therein seek to characterize the contents of the City of San Luis Obispo Municipal Code and Inclusionary Housing Policy, which speak for themselves, and/or are legal contentions for which no response is required.  Further answering the first sentence of paragraph 4, Defendant is without knowledge or information sufficient to form a belief as to Plaintiffs' intentions in developing housing or regarding Plaintiffs' financial standing and what is economically feasible for them, and on that basis, denies the allegations.  Answering the second sentence of paragraph 4, Defendant admits that the City's Inclusionary Housing Policy required Plaintiffs to either record a deed restriction against one unit of housing such that it would be sold to a

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4929-6088-5924 v3

2

Case No. 2:26-cv-02283-CV-RAOx
DEFENDANT'S ANSWER TO COMPLAINT

household meeting specified income requirements or, in the alternative, pay a sum of money into the City's housing fund in lieu of providing such unit (sometimes called an "in-lieu fee").  Further answering the second sentence of paragraph 4, Defendant is without knowledge or information sufficient to form a belief as to the cost of construction to Plaintiffs, and on that basis, denies the allegation regarding such cost.  Answering the remainder of paragraph 4, Defendant admits that Plaintiffs were required to comply with their legal obligations under the San Luis Obispo Municipal Code and Inclusionary Housing Policy, and deny each and every other allegation.

5.    Answering the first sentence of paragraph 5, the allegations therein constitute Plaintiffs' subjective opinions and characterizations, which Defendant denies are accurate or true.  Answering the remainder of paragraph 5, the allegations therein are legal contentions for which no response is required.  To the extent the foregoing does not answer any allegation of fact in paragraph 5, Defendant denies each and every allegation.

6.    Answering the first sentence of paragraph 6, Defendant admits that the Complaint challenges the City's Inclusionary Housing Policy but denies each and every other allegation.  Answering the second sentence of paragraph 6, Defendant admits that Plaintiffs seek a declaration that the requirements of the Inclusionary Housing Policy represent unconstitutional conditions both facially and as applied but denies each and every other allegation.  Answering the third sentence of paragraph 6, Defendant admits that Plaintiffs seek a refund of the $98,900 in fees, an injunction "prohibiting the City from imposing exactions" under the Inclusionary Housing Policy "on developments done by Plaintiffs in the future," and an award of attorney fees and costs incurred in this action but denies each and every other allegation.  To the extent the foregoing does not answer any allegation of fact in paragraph 6, Defendant denies each and every allegation.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4929-6088-5924 v3

3

Case No. 2:26-cv-02283-CV-RAOx
DEFENDANT'S ANSWER TO COMPLAINT

## JURISDICTION

7. Answering paragraph 7, Defendant admits that Plaintiffs allege that they have sought to invoke this Court's jurisdiction under federal constitutional and statutory law, but denies that Plaintiffs have alleged any meritorious contentions or claims or properly invoked the Court's jurisdiction. To the extent the foregoing does not answer any allegation of fact in paragraph 7, Defendant denies each and every allegation.

8. Answering paragraph 8, Defendant admits that this suit seeks a declaration of rights under the Declaratory Judgment Act. To the extent the foregoing does not answer any allegation of fact in paragraph 8, Defendant denies each and every allegation.

9. Answering paragraph 9, the allegations therein are legal contentions for which no response is required. To the extent the foregoing does not answer any allegation of fact in paragraph 9, Defendant denies each and every allegation.

## VENUE

10. Answering the first sentence of paragraph 10, Defendant admits that the property that is the subject of this action is located in both the City of San Luis Obispo, California and the County of San Luis Obispo, California. Further answering the first sentence of paragraph 10, Defendant denies that any civil rights violations took place in connection with the property that is the subject of this action or related to Plaintiffs. Answering the second sentence of paragraph 10, Defendant denies that venue is proper in this judicial district because, as stated in paragraph 7 of this Answer, Defendant denies that this Court has subject matter jurisdiction over this case. To the extent the foregoing does not answer any allegation of fact in paragraph 10, Defendant denies each and every allegation.

## PARTIES

11. Answering the first sentence of paragraph 11, Defendant is without knowledge or information sufficient to form a belief as to the truth of the

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Francisco

4929-6088-5924 v3

4

Case No. 2:26-cv-02283-CV-RAOx
DEFENDANT'S ANSWER TO COMPLAINT

allegations therein, and on that basis, denies them.  Answering the second sentence of paragraph 11, the allegation that Plaintiffs are the owners of 3160 Johnson, LLC seeks to characterize the contents of public records, which speak for themselves, and for which no response is required.  Further answering the second sentence of paragraph 11, to the extent that the allegation states that the project at 3160 Johnson was subject to the City's Inclusionary Housing Policy, the City admits such allegation.  To the extent the foregoing does not answer any allegation of fact in paragraph 11, Defendant denies each and every allegation.

12.    Answering paragraph 12, the allegations therein seek to characterize the contents of public records, which speak for themselves, and for which no response is required.  To the extent the foregoing does not answer any allegation of fact in paragraph 12, Defendant denies each and every allegation.

13.    Answering paragraph 13, Defendant admits that the City of San Luis Obispo is a municipal corporation within the State of California and located within the County of San Luis Obispo, but denies that the City, which is a charter city, is a political subdivision of the State.  Further answering paragraph 13, Defendant admits that it is the entity that promulgates and enforces the City's Inclusionary Housing Policy.  The allegation that the Defendant has promulgated and enforced any policy, custom, or practice that is unconstitutional is a legal contention for which no response is required.  To the extent the foregoing does not answer any allegation of fact in paragraph 13, Defendant denies each and every allegation.

## LEGAL BACKGROUND

14.    Answering paragraph 14, the allegations therein are legal contentions for which no response is required.  To the extent the foregoing does not answer any allegation of fact in paragraph 14, Defendant denies each and every allegation.

15.    Answering the first sentence of paragraph 15, the allegations therein seek to characterize the contents of public records, which speak for themselves, and/or are legal contentions for which no response is required.  Answering the

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Francisco

4929-6088-5924 v3

5

Case No. 2:26-cv-02283-CV-RAOx
DEFENDANT'S ANSWER TO COMPLAINT

second sentence of paragraph 15, the allegations therein seek to characterize the contents of public records, which speak for themselves, and for which no response is required. Answering the third sentence of paragraph 15, Defendant is without knowledge or information sufficient to form a belief as to when the document attached as Exhibit A to the Complaint was downloaded or last accessed, and on that basis, denies the allegation. To the extent the foregoing does not answer any allegation of fact in paragraph 15, Defendant denies each and every allegation.

16. Answering paragraph 16, the allegations therein are legal contentions and seek to characterize the contents of public records, which speak for themselves, and no response is required. To the extent the foregoing does not answer any allegation of fact in paragraph 16, Defendant denies each and every allegation.

17. Answering paragraph 17, the allegations therein seek to characterize the contents of public records, which speak for themselves, and/or constitute legal contentions for which no response is required. To the extent the foregoing does not answer any allegation of fact in paragraph 17, Defendant denies each and every allegation.

18. Answering paragraph 18, the allegations therein seek to characterize the contents of public records, which speak for themselves, and/or constitute legal contentions for which no response is required. To the extent the foregoing does not answer any allegation of fact in paragraph 18, Defendant denies each and every allegation.

19. Answering paragraph 19, the allegations therein seek to characterize the contents of public records, which speak for themselves, and/or constitute legal contentions for which no response is required. To the extent the foregoing does not answer any allegation of fact in paragraph 19, Defendant denies each and every allegation.

20. Answering paragraph 20, the allegations therein seek to characterize the contents of public records, which speak for themselves, and/or constitute legal

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Francisco

4929-6088-5924 v3

6

Case No. 2:26-cv-02283-CV-RAOx
DEFENDANT'S ANSWER TO COMPLAINT

contentions for which no response is required.  To the extent the foregoing does not answer any allegation of fact in paragraph 20, Defendant denies each and every allegation.

21. Answering paragraph 21, the allegations therein seek to characterize the contents of public records, which speak for themselves, and/or constitute legal contentions for which no response is required.  To the extent the foregoing does not answer any allegation of fact in paragraph 21, Defendant denies each and every allegation.

22. Answering paragraph 22, the allegations therein seek to characterize the contents of public records, which speak for themselves, and/or constitute legal contentions for which no response is required.  To the extent the foregoing does not answer any allegation of fact in paragraph 22, Defendant denies each and every allegation.

23. Answering paragraph 23, the allegations therein seek to characterize the contents of public records, which speak for themselves, and/or constitute legal contentions for which no response is required.  To the extent the foregoing does not answer any allegation of fact in paragraph 23, Defendant denies each and every allegation.

24. Answering paragraph 24, the allegations therein seek to characterize the contents of public records, which speak for themselves, and/or constitute legal contentions for which no response is required.  To the extent the foregoing does not answer any allegation of fact in paragraph 24, Defendant denies each and every allegation.

25. Answering paragraph 25, the allegations therein seek to characterize the contents of public records, which speak for themselves, and/or constitute legal contentions for which no response is required.  To the extent the foregoing does not answer any allegation of fact in paragraph 25, Defendant denies each and every allegation.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4929-6088-5924 v3

7

Case No. 2:26-cv-02283-CV-RAOx
DEFENDANT'S ANSWER TO COMPLAINT

26.     Answering paragraph 26, the allegations therein seek to characterize the contents of public records, which speak for themselves, and/or constitute legal contentions for which no response is required.  To the extent the foregoing does not answer any allegation of fact in paragraph 26, Defendant denies each and every allegation.

27.     Answering paragraph 27, the allegations therein seek to characterize the contents of public records, which speak for themselves, and/or constitute legal contentions for which no response is required.  To the extent the foregoing does not answer any allegation of fact in paragraph 27, Defendant denies each and every allegation.

28.     Answering paragraph 28, Defendant admits that the Complaint does not challenge the commercial linkage fee policy.  Accordingly, Defendant denies that the commercial linkage fee is useful as context in this case.  To the extent the foregoing does not answer any allegation of fact in paragraph 28, Defendant denies each and every allegation.

29.     Answering paragraph 29, the allegations therein seek to characterize the contents of public records, which speak for themselves, and no response is required.  To the extent the foregoing does not answer any allegation of fact in paragraph 29, Defendant denies each and every allegation.

30.     Answering paragraph 30, the allegations therein seek to characterize the contents of public records, which speak for themselves, and/or constitute legal contentions for which no response is required.  To the extent the foregoing does not answer any allegation of fact in paragraph 30, Defendant denies each and every allegation.

31.     Answering each sentence of paragraph 31, the allegations therein seek to characterize the contents of public records, which speak for themselves, and/or constitute legal contentions for which no response is required.  To the extent the foregoing does not answer any allegation of fact in paragraph 31, Defendant denies

each and every allegation.

32.    Answering paragraph 32, the allegations therein seek to characterize the contents of public records, which speak for themselves, and/or constitute legal contentions for which no response is required.  To the extent the foregoing does not answer any allegation of fact in paragraph 32, Defendant denies each and every allegation.

33.    Answering paragraph 33, Defendant admits that the commercial linkage fee is updated annually on or about July 1.  To the extent the foregoing does not answer any allegation of fact in paragraph 33, Defendant denies each and every allegation.

34.    Answering paragraph 34, the allegations therein seek to characterize the contents of public records, which speak for themselves, and for which no response is required.  To the extent the foregoing does not answer any allegation of fact in paragraph 34, Defendant denies each and every allegation.

35.    Answering paragraph 35, the allegations therein seek to characterize the contents of public records, which speak for themselves, and for which no response is required.  To the extent the foregoing does not answer any allegation of fact in paragraph 35, Defendant denies each and every allegation.

36.    Answering paragraph 36, the allegations therein seek to characterize the contents of public records, which speak for themselves, and for which no response is required.  To the extent the foregoing does not answer any allegation of fact in paragraph 36, Defendant denies each and every allegation.

37.    Answering paragraph 37, Defendant admits that a 2020 Nexus Study commissioned by the City and performed by the consulting firm David Paul Rosen & Associates stated that "the basis for the [in-lieu] fee is that [new residential and non-residential] development has a deleterious impact by increasing employment, which also increases the demand for housing for the added employees. Since the private for-profit housing market, with no public assistance, has not demonstrated

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Francisco

4929-6088-5924 v3

9

Case No. 2:26-cv-02283-CV-RAOx
DEFENDANT'S ANSWER TO COMPLAINT

the ability to meet the housing needs of lower-earning employees, a nexus fee is justified to help create that housing." To the extent the foregoing does not answer any allegation of fact in paragraph 37, Defendant denies each and every allegation.

38.    Answering paragraph 38, the allegations therein seek to characterize the contents of public records, which speak for themselves, and for which no response is required. To the extent the foregoing does not answer any allegation of fact in paragraph 38, Defendant denies each and every allegation.

39.    Answering each sentence of paragraph 39, the allegations therein seek to characterize the contents of public records, which speak for themselves, and for which no response is required. To the extent the foregoing does not answer any allegation of fact in paragraph 39, Defendant denies each and every allegation.

40.    Answering the first sentence of paragraph 40, Defendant admits that the City commissioned a Feasibility Analysis that was completed in or around February 2022. The remainder of the allegations in paragraph 40 seek to characterize the contents of public records, which speak for themselves, and for which no response is required. To the extent the foregoing does not answer any allegation of fact in paragraph 40 (including the first sentence of paragraph 40), Defendant denies each and every allegation.

41.    Answering each sentence of paragraph 41, the allegations therein seek to characterize the contents of public records, which speak for themselves, and for which no response is required. To the extent the foregoing does not answer any allegation of fact in paragraph 41, Defendant denies each and every allegation.

## FACTUAL ALLEGATIONS

42.    Answering paragraph 42, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and on that basis, denies them.

43.    Answering paragraph 43, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4929-6088-5924 v3

10

Case No. 2:26-cv-02283-CV-RAOx
DEFENDANT'S ANSWER TO COMPLAINT

on that basis, denies them.

44.     Answering paragraph 44, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and on that basis, denies them.

45.     Answering paragraph 45, it is unclear from the verb tense of the statements whether paragraph 45 intends to allege facts regarding Plaintiffs' mental state at the time they formed their business plans or whether paragraph 45 intends to allege facts related to the actual development of the lot at 3160 Johnson Avenue as they actually occurred.  To the extent that paragraph 45 alleges facts regarding Plaintiffs' mental state at the time they formed their business plans, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and on that basis, denies them.  To the extent that paragraph 45 alleges facts related to the development of the lot at 3160 Johnson Avenue, Defendant answers as follows: the allegation that three friends formed an LLC and purchased the lot seeks to characterize the contents of public records, which speak for themselves, and for which no response is required; the allegation that Plaintiffs used SB 9's lot split mechanism and the state's ADU laws to subdivide the property into four separate lots and construct a single-family residence plus an ADU on each lot seeks to characterize the contents of public records, which speak for themselves, and/or constitutes legal contentions for which no response is required.  To the extent the foregoing does not answer any allegation of fact in paragraph 45, Defendant denies each and every allegation.

46.     Answering paragraph 46, it is unclear from the verb tense of the statements whether paragraph 46 intends to allege facts regarding Plaintiffs' mental state at the time they formed their business plans or whether paragraph 46 intends to allege facts related to the actual development of the lot at 3160 Johnson Avenue as they actually occurred.  To the extent that paragraph 46 alleges facts regarding Plaintiffs' mental state at the time they formed their business plans, Defendant is

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4929-6088-5924 v3

11

Case No. 2:26-cv-02283-CV-RAOx
DEFENDANT'S ANSWER TO COMPLAINT

without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and on that basis, denies them.  To the extent that paragraph 46 alleges facts related to the development of the lot at 3160 Johnson Avenue, Defendant answers as follows: Defendant admits that eight new residences were developed on such lot; the allegation that no habitable residences previously existed on the lot seeks to characterize the contents of public records, which speak for themselves, and/or constitutes legal contentions for which no response is required. To the extent the foregoing does not answer any allegation of fact in paragraph 46, Defendant denies each and every allegation.

47.     Answering the first sentence of paragraph 47, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and on that basis, denies them.  Answering the second sentence of paragraph 47, the allegations that Plaintiffs formed 3160 Johnson, LLC and acquired a deed to the lot seek to characterize the contents of public records, which speak for themselves, and no response is required.  Further answering the second sentence of paragraph 47, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiffs proceeded with their subdivision plans with little trouble, and on that basis, denies them.  To the extent the foregoing does not answer any allegation of fact in paragraph 47, Defendant denies each and every allegation.

48.     Answering paragraph 48, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiffs felt troubled or that they felt that the City's Inclusionary Housing Policy presented an obstacle, and on that basis, denies them.  To the extent the foregoing does not answer any allegation of fact in paragraph 48, Defendant denies each and every allegation.

49.     Answering paragraph 49, Defendant admits that the City informed Plaintiffs that they would need to comply with the Inclusionary Housing Policy,

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Francisco

4929-6088-5924 v3

12

Case No. 2:26-cv-02283-CV-RAOx
DEFENDANT'S ANSWER TO COMPLAINT

*e.g.*, by either setting aside the requisite number of units for affordable housing, to be deed-restricted at below-market prices, or pay in-lieu fees totaling approximately $98,900.  To the extent the foregoing does not answer any allegation of fact in paragraph 49, Defendant denies each and every allegation.

50.   Answering paragraph 50, the allegations therein seek to characterize the contents of public records [*e.g.*, the Inclusionary Housing Policy and San Luis Obispo Municipal Code], which speak for themselves, and/or are legal contentions [*i.e.*, regarding the application of the Inclusionary Housing Policy and San Luis Obispo Municipal Code to Plaintiffs' property] for which no response is required. To the extent the foregoing does not answer any allegation of fact in paragraph 50, Defendant denies each and every allegation.

51.   Answering paragraph 51, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and on that basis, denies them.

52.   Answering paragraph 52, the allegations therein are legal contentions for which no response is required.  To the extent the foregoing does not answer any allegation of fact in paragraph 52, Defendant denies each and every allegation.

53.   Answering paragraph 53, the allegations therein are legal contentions for which no response is required.  To the extent the foregoing does not answer any allegation of fact in paragraph 53, Defendant denies each and every allegation.

54.   Answering paragraph 54, Defendant denies each and every allegation.

55.   Answering paragraph 55, Defendant denies each and every allegation.

56.   Answering paragraph 56, Defendant admits that the document attached to the Complaint as Exhibit B is a receipt reflecting payment of the fees and that Plaintiffs opted to proceed with construction.  To the extent the foregoing does not answer any allegation of fact in paragraph 56, Defendant denies each and every allegation.  Further answering paragraph 56, Defendant affirmatively alleges that Plaintiffs did not protest the fees, but rather willingly paid them and acquiesced to

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Francisco

4929-6088-5924 v3

13

Case No. 2:26-cv-02283-CV-RAOx
DEFENDANT'S ANSWER TO COMPLAINT

their imposition.

57. Answering paragraph 57, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and on that basis, denies them.

58. Answering paragraph 58, Defendant admits that on or about August 7, 2025, Plaintiff Jordan Knauer emailed Director of Community Development Timothea Tway seeking a refund of "the inclusionary fees assessed on all four of the [. . .] residential home building permits totaling $98,900" and alleging that "[a]dding to the city's housing supply does not negatively impact affordable housing," as demonstrated by the email correspondence attached to the Complaint as Exhibit C.  To the extent the foregoing does not answer any allegation of fact in paragraph 58, Defendant denies each and every allegation.

59. Answering paragraph 59, Defendant admits that Timothea Tway was Director of Community Development on August 21, 2025.  Defendant admits that on August 21, 2025, Timothea Tway emailed Plaintiff John Ruda stating, "[t]he City has reviewed the project and the authority [Plaintiffs] have cited and finds that the fee was properly administered in accordance with our codes and policies and declines to issue a refund."  Defendant admits that the copy of this email correspondence attached to the Complaint as Exhibit C.  To the extent the foregoing does not answer any allegation of fact in paragraph 59, Defendant denies each and every allegation.

60. Answering each sentence of paragraph 60, the allegations therein are legal contentions for which no response is required.  To the extent the foregoing does not answer any allegation of fact in paragraph 60, Defendant denies each and every allegation.

//

//

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Francisco

4929-6088-5924 v3

14

Case No. 2:26-cv-02283-CV-RAOx
DEFENDANT'S ANSWER TO COMPLAINT

## CLAIMS FOR RELIEF

### Unconstitutional Exaction

### 42 U.S.C. § 1983, 28 U.S.C. § 2201

### Facial and As-Applied

61.    Defendant incorporates by reference its responses to paragraphs 1 through 60.

62.    Answering paragraph 62, the allegations therein seek to characterize the contents of federal statutes, which speak for themselves, and/or are legal contentions for which no response is required.  To the extent the foregoing does not answer any allegation of fact in paragraph 62, Defendant denies each and every allegation.

63.    Answering paragraph 63, the allegations therein seek to characterize the contents of federal statutes, which speak for themselves, and/or are legal contentions for which no response is required.  To the extent the foregoing does not answer any allegation of fact in paragraph 63, Defendant denies each and every allegation.

64.    Answering paragraph 64, the allegations therein are legal contentions for which no response is required.  To the extent the foregoing does not answer any allegation of fact in paragraph 64, Defendant denies each and every allegation.

65.    Answering paragraph 65, Defendant admits that a purpose of the Inclusionary Housing Policy is to promote affordable housing.  The remainder of the allegations in paragraph 65 are legal contentions for which no response is required.  To the extent the foregoing does not answer any allegation of fact in paragraph 65, Defendant denies each and every allegation.

66.    Answering paragraph 66, the allegations therein are legal contentions for which no response is required.  To the extent the foregoing does not answer any allegation of fact in paragraph 66, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and on that basis,

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4929-6088-5924 v3

15

Case No. 2:26-cv-02283-CV-RAOx
DEFENDANT'S ANSWER TO COMPLAINT

denies them.

67.     Answering paragraph 67, subpart (f), Defendant denies each and every allegation.  Answering the remainder of paragraph 67, including subparts (a) through (e), the allegations therein seek to characterize the contents of federal case law and the U.S. Constitution, which speak for themselves, and/or are legal contentions for which no response is required.  To the extent the foregoing does not answer any allegation of fact in paragraph 67, Defendant denies each and every allegation.

68.     Answering paragraph 68, the allegations therein seek to characterize the contents of federal case law, federal statutes, and the U.S. Constitution, which speak for themselves, and/or are legal contentions for which no response is required.  To the extent the foregoing does not answer any allegation of fact in paragraph 68, Defendant denies each and every allegation.

69.     Answering paragraph 69, the allegations therein are legal contentions for which no response is required.  To the extent the foregoing does not answer any allegation of fact in paragraph 69, Defendant denies each and every allegation.

70.     Answering paragraph 70, the allegations therein are legal contentions for which no response is required.  To the extent the foregoing does not answer any allegation of fact in paragraph 70, Defendant denies each and every allegation.

71.     Answering paragraph 71, Defendant denies each and every allegation.

72.     Answering paragraph 72, Defendant denies each and every allegation.

73.     Answering paragraph 73, the allegations therein are legal contentions for which no response is required.  To the extent the foregoing does not answer any allegation of fact in paragraph 73, Defendant denies each and every allegation.

74.     Answering paragraph 74, the allegations therein are legal contentions for which no response is required.  To the extent the foregoing does not answer any allegation of fact in paragraph 74, Defendant denies each and every allegation.

75.     Answering paragraph 75, the allegations therein seek to characterize

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Francisco

4929-6088-5924 v3

16

Case No. 2:26-cv-02283-CV-RAOx
DEFENDANT'S ANSWER TO COMPLAINT

the contents of federal case law, which speaks for itself, and/or are legal contentions for which no response is required.  To the extent the foregoing does not answer any allegation of fact in paragraph 75, Defendant denies each and every allegation.

76.     Answering paragraph 76, Defendant denies each and every allegation.

77.     Answering paragraph 77, Defendant denies each and every allegation.

78.     Answering paragraph 78, Defendant admits that the Inclusionary Housing Policy is supported by a nexus study.  Answering the remainder of paragraph 78, Defendant denies each and every allegation.

79.     Answering paragraph 79, Defendant denies each and every allegation.

80.     Answering paragraph 80, Defendant denies that Plaintiffs have been denied any constitutional right.  Answering the remainder of paragraph 80, the allegations therein are legal contentions for which no response is required.  To the extent the foregoing does not answer any allegation of fact in paragraph 80, Defendant denies each and every allegation.

81.     Answering paragraph 81, Defendant denies each and every allegation.

## AFFIRMATIVE DEFENSES

1.     The Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action.

2.     Defendant is informed and believes, and thereon alleges, that Plaintiffs have engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of duty, act, omission, or any other conduct, if any, as set forth in the Complaint.  Plaintiffs willingly paid, and failed to protest, the fees at issue in this case, and acquiesced thereto as a condition of approval of their project.

3.     The Complaint, and each purported cause of action therein, is barred, in whole or in part, by the doctrine of estoppel by virtue of Plaintiffs' conduct.

4.     The Complaint is barred by the two-year statute of limitations for bringing a claim under 42 U.S.C. section 1983, pursuant to California Code of Civil

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4929-6088-5924 v3

17

Case No. 2:26-cv-02283-CV-RAOx
DEFENDANT'S ANSWER TO COMPLAINT

Procedure section 335.1, as discussed in *Canatella v. Van De Kamp,* 486 F.3d 1128, 1132-33 (9th Cir. 2007).

5.    The Complaint, and each purported cause of action therein, is barred by Plaintiffs' failure to timely file and serve the Complaint pursuant to California Government Code sections 65009(c)(1) and 66499.37.

6.    This Court lacks subject matter jurisdiction over the Complaint and each purported cause of action alleged herein pursuant to Federal Rules of Civil Procedure Section 12(b)(1).

7.    The Complaint, and each purported cause of action, is barred by the ripeness doctrine.

8.    The Complaint, and each purported cause of action, is barred by Plaintiffs' failure to exhaust administrative remedies.

9.    Plaintiffs lack standing to raise the allegations and to state any of the purported causes of action it pleads.

10.    Plaintiffs' claims are barred by the principles expressed in *Monell v. Dept. of Social Services*, 436 U.S. 658, 690-694 (1978).

11.    Defendant has not knowingly or intentionally waived any applicable affirmative defense.  Defendant reserves the right to assert and to rely upon such other defense as may become apparent during this proceeding or that may be raised or asserted by Plaintiffs, and to amend its Answer or affirmative defenses accordingly.

## PRAYER

WHEREFORE, Defendant prays that:

1.    Plaintiffs take nothing by way of its Complaint;

2.    That the Defendant has judgment against Plaintiffs;

3.    That the Defendant be awarded its costs of suit and attorney's fees; and

4.    For such other and further relief as the Court deems proper.

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Francisco

4929-6088-5924 v3

18

Case No. 2:26-cv-02283-CV-RAOx
DEFENDANT'S ANSWER TO COMPLAINT

Dated: May 7, 2026

BURKE, WILLIAMS & SORENSEN, LLP


By: ___*/s/ Kevin D. Siegel*___
Kevin D. Siegel
Connor T. MacLean
Attorneys for Defendant
CITY OF SAN LUIS OBISPO

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4929-6088-5924 v3

19

Case No. 2:26-cv-02283-CV-RAOx
DEFENDANT'S ANSWER TO COMPLAINT