DAVID DEERSON
Cal. Bar No. 322947
DDeerson@pacificlegal.org
Pacific Legal Foundation
3100 Clarendon Boulevard, Suite 1000
Arlington, Virginia 22201
Telephone: (202) 888-6881
Facsimile: (916) 419-7747

JEREMY TALCOTT
Cal. Bar No. 311490
JTalcott@pacificlegal.org
Pacific Legal Foundation
701 Kimberly Ave., Suite 200
Placentia, California 92870
Telephone: (916) 419-7111
Facsimile: (916) 419-7747

AUSTIN WAISANEN
Wyo. Bar No. 8-7023*
AWaisanen@pacificlegal.org
Pacific Legal Foundation
3100 Clarendon Boulevard, Suite 1000
Arlington, Virginia 22201
Telephone: (916) 419-7111
Facsimile: (916) 419-7747

*Attorneys for Plaintiff*
*pro hac vice

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

JOHN RUDA, SHAHRIAR ZARNEGAR, JORDAN KNAUER, and 3160 JOHNSON, LLC,

Plaintiffs,

v.

CITY OF SAN LUIS OBISPO,

Defendant.

No. 2:26-cv-02283-CV (RAO)

**JOINT STATUS 26(f) REPORT**

Scheduling Conference: July 10, 2026
Time: 1:30 PM
Courtroom: 10B

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26, and the Court's May 28, 2026, Order Setting Scheduling Conference, counsel for the parties met and conferred and submit the following Joint Rule 26(f) Report.

## I. **STATEMENT OF THE CASE**

Plaintiffs challenge Defendant City of San Luis Obispo's application of its Inclusionary Housing Ordinance—codified at Chapter 17.138 of the City's Municipal Code—under the Takings Clause of the Fifth Amendment, as applied through the Fourteenth Amendment and enforced through 42 U.S.C. § 1983. Plaintiffs allege that the City conditioned issuance of development permits for their residential project on payment of approximately $98,900 in affordable housing in-lieu fees or, alternatively, provision of a deed-restricted affordable housing unit.

Plaintiffs contend that the City's requirements constitute unconstitutional exactions because they demand property or money but lack the nexus and rough proportionality required by *Nollan v. California Coastal Commission*, 483 U.S. 825 (1987), *Dolan v. City of Tigard*, 512 U.S. 374 (1994), *Koontz v. St. Johns River Water Management District*, 570 U.S. 595 (2013), and *Sheetz v. County of El Dorado*, 601 U.S. 267 (2024). Plaintiffs seek declaratory and injunctive relief, a refund of fees paid, attorneys' fees, and costs.

The City denies Plaintiffs' allegations and contends that it lawfully applied its Inclusionary Housing Ordinance, and that the City has not exacted any property in violation of the Takings Clause and the case law cited by Plaintiffs. Reasons include that the City's application of its legislation did not exact any property. Rather, City lawfully exercised its police power authority (specifically, its land use authority) to impose a condition on the City's approval of Plaintiffs' development application

either to dedicate one of the eight housing units for affordable housing or, if they opted, pay an in-lieu fee to fund affordable housing. *See*, *e.g.*, *Palmer Kearney Mesa Props., LP v. City of San Diego*, No. 23-CV-01755-DMS-BJW, 2026 WL 125686, at *10 (S.D. Cal. Jan. 16, 2026); *California Bldg. Indus. Assn. v. City of San Jose*, 61 Cal.4th 435, 461 (2015). Alternatively, to the extent that the Takings Clause and unconstitutional exactions analysis applies, the in-lieu fees that Plaintiffs opted to pay, but now challenge, are supported by legally sufficient nexus and rough proportionality analysis, and thus do not violate the Takings Clause and comply with any and all other constitutional and statutory requirements. The City has also asserted affirmative defenses in its Answer.

## II. SUBJECT MATTER JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs assert claims arising under the United States Constitution and 42 U.S.C. § 1983. The Court has jurisdiction under 28 U.S.C. § 1343(a)(3) and (4). Plaintiffs also seek declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## III. LEGAL ISSUES

Principal legal issues include one or more of the following:

1. Whether the City's application of Municipal Code Chapter 17.138 imposed an exaction upon Plaintiffs that is subject to the Takings Clause and the unconstitutional conditions doctrine.
2. Whether the challenged requirements must satisfy the essential nexus requirement of *Nollan* and, if so, whether they do.
3. Whether the challenged requirements must satisfy the rough proportionality requirement of *Dolan* and, if so, whether they do.
5. Whether there is a constitutionally sufficient relationship between (i) impacts of market-rate residential development and/or Plaintiffs'

development on the need for, and availability of, affordable housing and (ii) the obligations imposed by the City on Plaintiffs pursuant to legislation.

6. Whether Plaintiffs or the City bear the burden of proof.
7. Whether Plaintiffs are entitled to declaratory, injunctive, and monetary relief under § 1983.
8. Whether any of the City's affirmative defenses apply.

## IV. PARTIES AND EVIDENCE

Parties

Plaintiffs:

- John Ruda
- Shahriar "Rami" Zarnegar
- Jordan Knauer
- 3160 Johnson, LLC

Defendant:

- City of San Luis Obispo

Known Percipient Witnesses

Plaintiffs presently identify:

- John Ruda
- Shahriar Zarnegar
- Jordan Knauer
- City planning and housing personnel involved in administration of the Inclusionary Housing Policy
- City personnel involved in calculating and collecting the challenged fee
- Representatives involved in preparation, adoption, implementation, or reliance upon the City's nexus studies

The City also presently identifies the foregoing witnesses, which

include without limitation David Rosen of DRA (David Paul Rosen & Associates) and Rachel Cohen (City planning staff). The City may identify additional witnesses through discovery.

<u>Key Documents and Evidence</u>

Plaintiffs presently identify:

- The City's Inclusionary Housing Ordinance and related municipal code provisions
- Plaintiffs' permit applications and project approvals
- Fee assessments, invoices, receipts, and payment records relating to the challenged exaction
- City Council, Planning Commission, and staff reports relating to adoption and implementation of the Inclusionary Housing Ordinance
- The City of San Luis Obispo Affordable Housing Nexus Study, City of San Luis Obispo, *Affordable Housing Nexus Study*, 1 (Feb. 12, 2020) (prepared by David Paul Rosen & Associates)
- Any prior affordable housing nexus studies, updates, peer reviews, technical memoranda, consultant communications, and supporting data relied upon by the City
- Documents concerning calculation of inclusionary requirements and in-lieu fees
- Documents relating to housing, production, affordable housing funding, and administration of the Inclusionary Housing Program
- Expert analysis regarding nexus, proportionality, housing economics, and affordable housing impacts

The City also identifies the foregoing, as well as Chapter 17.138 of the City's Municipal Code; the February 2, 2022, Memorandum to the City prepared by Economic & Planning Systems, Inc.; and the publicly

available documents associated with the City's adoption of its Inclusionary Housing Ordinance, including without limitation Ordinance No. 1719 (2022 Series), adopted August 16, 2022.

The parties anticipate substantial document discovery concerning the preparation, assumptions, methodologies, conclusions, and implementation of the 2020 Affordable Housing Nexus Study, which Plaintiffs believe will be a central merits document in this litigation, as well as implementation of Chapter 17.138 of the City's Municipal Code.

## V. DAMAGES

Plaintiffs seek recovery of approximately $98,900 paid pursuant to the challenged exaction, together with prejudgment interest, attorneys' fees, and costs. Plaintiffs also seek declaratory and injunctive relief.

Defendant disputes liability and damages.

## VI. INSURANCE

Not applicable.

## VII. MOTIONS

The parties do not presently anticipate motions to add parties, amend pleadings, transfer venue, or challenge subject matter jurisdiction. The parties will promptly advise the Court if circumstances change.

## VIII. DISPOSITIVE MOTIONS

The parties anticipate a motion or motions for summary judgment concerning:

- Whether application of Municipal Code Chapter 17.138 is subject to exactions scrutiny
- If so, whether the application thereof satisfies nexus and rough proportionality analysis under the unconstitutional exactions doctrine
- Whether the City's affirmative defenses provide a defense to

Plaintiffs' claims

- The availability of declaratory, injunctive, and monetary relief

## IX. MANUAL FOR COMPLEX LITIGATION

The parties do not believe that the procedures contained in the Manual for Complex Litigation are necessary.

## X. STATUS OF DISCOVERY

No formal discovery has been completed.

The parties have exchanged or will exchange initial disclosures pursuant to Rule 26(a)(1) within 14 days of the status conference pursuant to Rule 26(a)(1)(C).

The parties anticipate document discovery concerning the development project, the Inclusionary Housing Ordinance, the 2020 Nexus Study, the City's affordable housing program, and the factual and economic bases asserted for the challenged exaction.

## XI. DISCOVERY PLAN

The parties might engage in discovery directed to:

- The factual bases for the challenged condition
- The development, preparation, and adoption of the 2020 Affordable Housing Nexus Study
- Consultant files, communications, draft reports, data inputs, Modeling assumptions, and supporting analyses
- The City's implementation of Municipal Code Chapter 17.138
- Comparable projects and fee calculations
- Housing economics and market impacts
- Plaintiffs' project and payment of the challenged fee
- Expert opinions regarding inclusionary zoning policy, nexus, proportionality and housing economics

The parties presently anticipate:

- Written discovery
- Third-party discovery, including consultants involved in preparation of nexus studies
- Fact depositions
- Expert discovery

The parties propose simultaneous exchange of expert witnesses, consistent with Rule 26(a)(2):

| **Event** | **Proposed** |
|---|---|
| Parties' Affirmative Experts | May 14, 2027 |
| Parties' Rebuttal Experts | June 17, 2027 |
| Expert Discovery Cutoff | July 20, 2027 |

Alternatively, if the Court prefers, the parties will exchange expert witness information pursuant to the timeline in Rule 26(a)(2)(D).

The parties do not presently propose any modification to the default limitations established by the Federal Rules of Civil Procedure but reserve the right to request modifications if they become warranted by discovery.

The parties anticipate electronically stored information ("ESI") discovery. The parties will meet and confer regarding search terms, custodians, production format, privilege logs, and related ESI issues.

## XII. SETTLEMENT AND ADR

The parties have discussed the possibility of settlement and alternative dispute resolution. The parties do not see prospects for settlement, but remain willing to evaluate resolution opportunities as discovery proceeds.

/ / /

/ / /

/ / /

DATED: July 1, 2026.

Respectfully submitted,

BURKE, WILLIAMS & SORENSEN, LLP

By: /s/ KEVIN D. SIEGEL
KEVIN D. SIEGEL

*Attorneys for Defendant City of San Luis Obispo*
Email: ksiegel@bwslaw.com

DAVID DEERSON
JEREMY TALCOTT
AUSTIN WAISANEN*
PACIFIC LEGAL FOUNDATION

By: /s/ DAVID DEERSON
DAVID DEERSON

*Attorneys for Plaintiffs*
Email: DDeerson@pacificlegal.org
*pro hac vice

**CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to counsel of record who are registered with CM/ECF.

By: /s/ DAVID DEERSON
DAVID DEERSON